IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TAMMY CHAMBERLAIN, individually and on
behalf of those similarly situated and
JUANITA GRAY, individually and on
behalf of those similarly situated,

     Plaintiffs,

v.                                      Civil Action No. 5:15CV95
                                                      (STAMP)

7-ELEVEN, INC., d/b/a 7-Eleven,
7-Eleven 35901-35969 and
other store names and
7-ELEVEN SALES CORPORATION,

     Defendants.


**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFFS' MOTION TO REMAND AND**
**DENYING AS MOOT DEFENDANTS' MOTION TO TRANSFER VENUE**

     The plaintiffs filed this class action in West Virginia state court alleging that the defendants 7-Eleven, Inc. and 7-Eleven Sales Corporation ("7-Eleven") violated provisions of the West Virginia Wage Payment and Collection Act ("WPCA"), W. Va. Code §§ 21-5-1 to 21-5-18. 7-Eleven removed the case to this Court citing jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1453, 1711–1715, and moved to transfer venue to the Southern District of West Virginia under 28 U.S.C. § 1404(a). The plaintiffs filed a motion to remand arguing that 7-Eleven failed to prove that there are at least 100 class members or that the amount in controversy exceeds $5,000,000.00. For the following reasons, this Court finds that 7-Eleven failed to carry its burden of proving subject matter jurisdiction. Accordingly, this Court

grants the plaintiffs' motion to remand and denies as moot the defendants' motion to transfer.

## I. Background

The plaintiffs, Tammy Chamberlain and Juanita Gray, worked at a 7-Eleven store in South Charleston, West Virginia. Chamberlain quit her job in July 2014, and Gray was involuntarily terminated in April 2015. The plaintiffs allege that 7-Eleven failed to pay the plaintiffs their remaining wages within the time period mandated by the WPCA.

The plaintiffs filed a class action suit against 7-Eleven for these violations in the Circuit Court of Ohio County, West Virginia. 7-Eleven removed the case to this Court alleging jurisdiction under CAFA. The diversity of the parties is not in dispute, as the plaintiffs are citizens of West Virginia, and the defendants are citizens of Texas. ECF No. 1 at 3.

7-Eleven estimated the total class size to be 2,798 persons, based on the number of employees who, 7-Eleven asserts, voluntarily quit their employment or were involuntarily terminated during the relevant class period. ECF No. 1 at 4. The plaintiffs argue that 7-Eleven's estimate impermissibly broadened the class definition by ignoring the condition that class members were not given their final paycheck within the statutory period. 7-Eleven responds that identifying such members would "prove [the] [p]laintiffs' case for them." ECF No. 19 at 1.

7-Eleven estimates that the amount in controversy is $5,536,684.08. This is based on the statutory award of three times the average paycheck for the class period ($495.94) for the entire estimated class ($4,162,920.36) plus a one-third attorney's fee ($1,373,763.72). The plaintiffs argue that 7-Eleven's figure is inflated by its overly broad estimated class size, and that the average class member would not have received a full paycheck as their final pay. In response, 7-Eleven argues that class members' final pay would be increased by unused vacation or unpaid time off from work.

## II. Discussion

### A. Motion to Remand

A defendant may remove a case from state court to a federal court with original jurisdiction. 28 U.S.C. § 1441. Under CAFA, district courts have original jurisdiction over class actions in which (1) "any member of a class of plaintiffs is a citizen of a State different from any defendant"; (2) "there are 100 or more plaintiff class members"; and (3) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." West Virginia ex rel. McGraw v. CVS Pharm., Inc., 646 F.3d 169, 174 (4th Cir. 2011); 28 U.S.C. §§ 1332(d)(2), (d)(5). This is a conjunctive test, and each element of jurisdiction must be shown. Unlike removal in other types of cases, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate

adjudication of certain class actions in federal court." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014) (citations omitted). However, when removal is challenged, the defendant still has the burden of establishing jurisdiction under CAFA by a preponderance of the evidence. Strawn v. AT&T Mobility LLC, 530 F.3d 293, 297-98 (4th Cir. 2008); see also Owens, 135 S. Ct. at 553-54, 554 n.1 (assuming without deciding that the preponderance standard set out in § 1446(c)(2) applies to cases removed under CAFA).

CAFA "defines 'class members' to mean 'the persons (named or unnamed) who fall within the definition of the proposed . . . class.'" Miss. ex rel. Hood v. AU Optronics Corp., 134 S. Ct. 736, 742 (2014) (quoting 28 U.S.C. § 1332(d)(1)(D)). Thus, this Court must review the plaintiffs' proposed class definition and determine whether the defendants have provided sufficient evidence to prove that there are at least 100 class members.

The complaint defines the class as

> All persons formerly employed by [7-Eleven] in West Virginia who quit their employment within five years of the filing of [the] complaint and not paid all wages by their next regular payday; and (2) all persons formerly employed by [7-Eleven] in West Virginia who were involuntarily discharged on or after July 12, 2013, and not paid all wages within four business days or by the next regular payday, whichever comes first.

ECF No. 1, Ex. 1 at 5. 7-Eleven estimates the total class size to be 2,798 persons, based on the number of employees who voluntarily quit their employment within five years of the complaint's filing

4

(2,242) and who were involuntarily terminated between July 12, 2013 and the date of filing (556). ECF No. 1 at 4. 7-Eleven derived these figures from its Human Resources Information System. Essentially, 7-Eleven assumes that all former employees within the relevant period are class members without providing any evidence regarding when these former employees received their final paychecks.

A defendant cannot ignore a portion of the class definition in estimating the class size to support removal. See Caufield v. EMC Mortg. Corp., 803 F. Supp. 2d 519, 526-27 (S.D. W. Va. 2011) (concluding that, where the class definition included West Virginia citizens whose loans were serviced by the defendant in violation of a West Virginia statute, the defendant failed to prove a sufficient class size by merely alleging that all West Virginia citizens whose loans were serviced by defendant were class members). 7-Eleven ignored the condition that class members did not receive their final paycheck within the statutorily prescribed time. It provided no evidence regarding when former employees were given their final paycheck. All 7-Eleven has proven is that 2,798 people left its employ during the relevant period. There is insufficient evidence for this Court to find that at least 100 of those former employees did not receive their final paycheck within the statutorily proscribed time. Nevertheless, 7-Eleven argues that to force it to

prove that any former employees were not paid on time is to force it to prove the plaintiffs' case.

First, 7-Eleven argues that the class definition includes a liability issue--whether a class member received final payment on time under the WPCA. Although a claim for failure to timely pay wages under West Virginia Code § 21-5-4(e) is a strict liability claim, Ash v. Ravens Metal Prods., Inc., 437 S.E.2d 254, 257-58 (W. Va. 1993), that does not change the threshold requirements for subject matter jurisdiction under CAFA. 7-Eleven must still demonstrate that at least 100 class members exist based upon the class defined in the plaintiffs' complaint.

Further, 7-Eleven cites Shelby v. Principal Mutual Life Insurance Company, 197 F.R.D. 48 (S.D.N.Y. 2000), for the proposition that a class definition is improper if it includes a liability issue. However, Shelby dealt with class certification under Federal Rule of Civil Procedure 23 rather than subject matter jurisdiction under CAFA. Id. at 54. This Court at this point is not faced with a motion to certify the plaintiffs' class. Rather, this Court must determine whether 7-Eleven proved subject matter jurisdiction under CAFA. Regardless of whether the plaintiffs' class is certifiable, 7-Eleven must prove that there are at least 100 members under the jurisdictional requirements of CAFA.

Second, 7-Eleven cites Rising-Moore v. Red Roof Inns, Inc., 435 F.3d 813 (7th Cir. 2006), Scaralto v. Ferrell, 826 F. Supp. 2d

960 (S.D. W. Va. 2011), and Martin v. State Farm Mutual Automobile Insurance Company, No. 3:10cv0144, 2010 WL 3259418 (S.D. W. Va. Aug. 18, 2010), for the proposition that a removing party does not need to prove liability or the amount of damages that would be awarded in proving jurisdiction. However, these cases actually conclude that a party does not need to prove liability to prove that the amount in controversy for a diversity action is satisfied. See Rising-Moore, 435 F.3d at 816 ("A removing party need not show that the plaintiff will prevail or collect more than $75,000 if he does. The burden, rather, is to show what the plaintiff hopes to get out of the litigation . . . ." (emphasis in original)); Scaralto, 826 F. Supp. 2d at 967-68 (concluding that the "question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties" (quoting Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 448 (7th Cir. 2005)); Martin, 2010 WL 3259418, *5 (concluding that the defendant proved the amount in controversy by multiplying the individual damage amounts plead by the number of class members). Thus, a defendant may estimate the amount in controversy based on the nature of the claims, the number of defendants, and the damages plead. But, these cases go only to the method in which a defendant may satisfy its burden of proof for the amount in controversy, and not to the method of proving any other jurisdictional element. 7-Eleven must, under CAFA, prove

7

that there are at least 100 class members, and it must do so by a preponderance of the evidence.

7-Eleven further argues that it met its burden by providing the number of former employees that could <u>potentially</u> be class members. It cites <u>Strawn v. AT&T Mobility, LLC</u>, 530 F.3d 293 (4th Cir. 2008), stating that the Fourth Circuit refused to "require [the defendant] to prove the plaintiffs' case in order to meet its burden to show the approximate class size." ECF No. 19 at 7. However, the <u>Strawn</u> court was faced with a broad class definition that the plaintiffs argued was <u>narrowed</u> by the class members' state of mind, which was <u>not</u> included in the class definition. <u>Strawn</u>, 530 F.3d at 298-99. <u>Strawn</u> says nothing about the defendant proving or not proving the merits of the plaintiffs' case, but rather corrected the district court's overly narrow interpretation of the class definition. <u>Id.</u> at 298. Moreover, <u>Strawn</u> reinforced the conclusion that a defendant must "demonstrate the basis for federal jurisdiction" under CAFA when removal is challenged. <u>Id.</u> 7-Eleven failed to produce any evidence of when former employees were paid. Thus, this Court is left with no way of determining the class size.

Because 7-Eleven failed to prove that there are at least 100 class members, it cannot demonstrate that all of elements of subject matter jurisdiction under CAFA have been met, and this Court will not consider whether 7-Eleven proved that the amount in

controversy requirement is met.  7-Eleven failed to meet its burden of demonstrating subject matter jurisdiction under CAFA.  This Court notes that the defendants may remove this case again after it obtains sufficient proof of subject matter jurisdiction.  28 U.S.C. § 1446(b)(3); Bartinowski v NVR, Inc., 307 F. App'x 730, 739, 739 n.15 (4th Cir. 2009).  But at this time, 7-Eleven has not presented sufficient evidence to do so.  Thus, this Court must remand this case.

B.  Motion to Transfer

Under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought" if doing so is "[f]or the convenience of parties and witnesses, [and] in the interest of justice."  28 U.S.C. § 1404(a).  However, if a district court lacks subject matter jurisdiction over a case, it also lacks the power to transfer under § 1404(a). Grimsley v. United Eng'rs & Constructors, Inc., 818 F. Supp. 147, 148 (D.S.C. 1993) (citing Atl. Ship Rigging Co., Inc. v. McLellan, 288 F.2d 589 (3d Cir. 1961); Ulman v. Boulevard Enter., Inc., 638 F. Supp. 813 (D. Md. 1986); Tifa Ltd. v. Rep. of Ghana, 692 F. Supp. 393 (D.N.J. 1988); Levitt v. Md. Deposit Ins. Fund Corp., 643 F. Supp. 1485 (E.D.N.Y. 1986); James v. Dailey & Lewis, 406 F. Supp. 645 (D. Del. 1976); Raese v. Kelly, 59 F.R.D. 612 (N.D. W. Va. 1973).  But see Stevens Yachts of Annapolis, Inc. v. Am. Yacht Charters, Inc., 571 F. Supp. 467, (E.D. Pa. 1983) (concluding that

to transfer a case, "a finding of jurisdiction in the transferring court is unnecessary . . . but transfer must be to a district . . . where the action might have been brought" (internal quotation marks omitted)). Because this Court finds that it lacks subject matter jurisdiction in this case, the defendants' motion to transfer is denied as moot.

IV. Conclusion

7-Eleven failed to prove subject matter jurisdiction under CAFA. As such, the plaintiffs' motion to remand (ECF No. 13) is GRANTED and 7-Eleven's motion to transfer (ECF No. 8) is DENIED AS MOOT. It is further ORDERED that this civil action be REMANDED to the Circuit Court of Ohio County, West Virginia.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of Court for the Circuit Court of Ohio County, West Virginia.

DATED: October 29, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE